IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARREIRA PEREZ, Jorge Jose, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **CIVIL ACTION** |
| JAMISON, J.L., Warden, Federal Detention | : | |
| Center, Philadelphia; RIFE, John E., Acting | : | |
| Field Office Director, Immigration and | : | |
| Customs Enforcement and Removal | : | **No. 26-4246** |
| Operations, Philadelphia Field Office; | : | |
| MULLIN, Markwayne, Secretary of the | : | |
| Department of Homeland Security; | : | |
| BLANCHE, Todd, Acting U.S. Attorney | : | |
| General | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW,** this 22nd day of June, 2026, upon consideration of Mr. Perez's Petition for

Writ of Habeas Corpus (ECF No. 1), and the Government's Answer (ECF No. 5) it is hereby

**ORDERED** that the petition is **GRANTED.**[1]

---

[1] Petitioner Jorge Jose Barreira Perez is a 22-year-old native of Guatemala who has lived in the interior of the United States for approximately eight years. ECF No. 1 ¶¶ 1-2. Petitioner is currently detained at FDC Philadelphia. *Id*. In or around 2018, when Petitioner was fourteen years old, he entered the United States as the Southern border as an unaccompanied minor. *Id*. ¶ 15. He was encountered by DHS officers shortly after entering the country, detained at a youth shelter in Texas operated by the Office of Refugee Resettlement for about two months, and subsequently released and settled in Trenton, New Jersey. *Id*. ¶ 16. Petitioner was issued a Notice to Appear, which was filed with the Philadelphia Immigration Court, and he applied for Special Immigration Juvenile status. *Id*. ¶ 17. On June 29, 2022, the immigration judge administratively closed his removal case. *Id*. ¶ 18. On June 16, 2026, Respondents detained Petitioner when he appeared for a hearing before a Magisterial District Judge in Bucks County related to low-level marijuana and traffic charges for which he had been arrested three months earlier. *Id*. ¶ 20. Respondents currently detain Petitioner at the Philadelphia Federal Detention Center and purport to hold him under 8 U.S.C. § 1225(b)(2)(A). *Id*. ¶¶ 2, 21–22. On June 18, 2026, Petitioner filed this Petition for Writ of Habeas Corpus, seeking immediate release from detention. ECF No. 1.

The government acknowledges this is a "Q. Li" case where the government has detained Petitioner under 8 U.S.C. § 1225(b)(2)(A). ECF No. 5 at 4. According to the government, Petitioner entered the United States without inspection in or around 2018; shortly after entering the United States, he was detained, placed in removal proceedings, and released; and on June 16, 2026, he was arrested and detained by ICE pursuant to 8 U.S.C. § 1225(b)(2)(A). *Id*. The government further acknowledges that its position that noncitizens like Petitioner are subject to mandatory detention

It is **FURTHER ORDERED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall immediately release Petitioner from custody.

3. Respondents shall certify compliance with this order by filing proof of his release and stating the time and manner of release on the docket no later than 10:00 A.M. E.S.T. on June 23, 2026.

---

without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) has been rejected by the vast majority of district courts. *See id*. at 3. It will come as no surprise to the government that this Court once again rejects its position and holds Petitioner's detention without a bond hearing violates the INA.

Individuals like Petitioner, who have lived in the United States for years, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). A non-citizen is only subject to mandatory detention under § 1225(b)(2) if he (1) is an "applicant for admission"; (2) is "seeking admission"; and (3) is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A); *see Kashranov v. Jamison*, No. 2:25-cv-05555, 2025 WL 3188399, at *6 (E.D. Pa. Nov. 14, 2025) (Wolson, J.). "'Seeking admission' describes active and ongoing conduct—physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization." *Kashranov*, 2025 WL 3188399, at *6. It does not describe individuals who have been in the United States for several years. Id. Petitioner was seeking admission when he entered the United States approximately two decades ago. He is no longer seeking admission now. Section 1225(b)(2)(A), therefore, does not apply. *See, e.g.*, *Ramirez v. Bondi*, No. 26-0522, 2026 WL 321442 (E.D. Pa. Feb. 6, 2026) (Rufe, J.); *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026) (Kenney, J.); *Restrepo v. Jamison*, No. 2:25-cv-6518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026) (Leeson, J.); *Chavez v. McShane*, No. 25-6968, 2026 WL 120671 (E.D. Pa. Jan. 16, 2026) (Costello, J.); *Muzofirov v. Jamison*, No. 25-7371, 2026 WL 126153 (E.D. Pa. Jan. 16, 2026) (Scott, J.); *Kanaut v. Rose*, No. 24-6869, 2026 WL 36690 (E.D. Pa. Jan. 6, 2026) (Hodge, J.); *Rios Porras v. O'Neill*, No. 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025) (Beetlestone, J.); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025) (Padova, J.); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Rodriguez Pereira v. O'Neill*, No. 25-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Juarez v. O'Neill*, No. 25-6191, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Nogueira-Mendes v. McShane*, No. 25-5810, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Diallo v. O'Neill*, No. 25-6358, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Morocho v. Jamison*, No. 25-cv-05930, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Espinal Rosa v. O'Neill*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sanchez, J.); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

For the same reasons set forth in *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025), and *Kashranov*, 2025 WL 3188399, which the Court adopts herein, 8 U.S.C. § 1226(a) applies to Petitioner. Individuals detained under § 1226(a) are entitled to seek a bond hearing before an Immigration Judge. Petitioner's detention without a bond hearing is, therefore, unlawful, and he is entitled to habeas relief. The appropriate relief for unlawful detention is immediate release.

4. Respondents are temporarily enjoined from re-detaining Petitioner for seven days following his release from custody.

5. If Respondents pursue re-detention of Mr. Perez, they must first provide him with a bond hearing, pursuant to 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

BY THE COURT:

_____

HON. MIA R. PEREZ